IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Le'RAY S. GIBSON, o/b/o D.M., | ) | CASE NO. 5:10 CV 2555 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is a *pro se* action under 42 U.S.C. § 405(g) by Le'Ray Gibson,[2] on behalf of D.M.,[3] a minor child, seeking judicial review of a decision of the Commissioner of Social Security denying Gibson's application on behalf of D.M. for supplemental security income (SSI).[4] After the Commissioner filed an answer[5] and the administrative record,[6] the parties briefed their positions.[7] In addition, as will be discussed below, Gibson also submitted

---

[1] The parties have consented to my exercise of jurisdiction. ECF # 19.

[2] Le'Ray Gibson is D.M.'s mother. Transcript ("Tr.") at 21.

[3] Under Local Rule 8.1(s)(2), minors are to be identified only by their initials.

[4] ECF # 1.

[5] ECF # 11.

[6] ECF # 12.

[7] ECF # 7 (Gibson's fact sheet); ECF # 17 (Commissioner's merit brief with chart); ECF # 18 (Gibson's merit brief).

additional evidence in support of the action for judicial review.[8]  For the reasons that follow, I conclude that no basis exists for a sentence six remand to consider new evidence and further conclude that the Commissioner's decision has the support of substantial evidence and must be affirmed.

## Facts

**A.      The findings and decision of the Administrative Law Judge ("ALJ")**

The ALJ, whose decision became the final decision of the Commissioner, found that D.M., who was 16 years old at the time of the hearing,[9] had the following severe impairments: personality disorder (oppositional defiant disorder) and learning disorder.[10] The ALJ, on the evidence and the testimony of a medical expert ("ME"), further decided that the oppositional defiant disorder met Listing § 112.08 from February, 2007, through January, 2009, because D.M. had an extreme limitation in interacting with others and a marked limitation in his acquiring and using information.[11]  Thus, the ALJ determined that D.M. was under a disability beginning in February, 2007 – the date of the application for SSI.[12]

---

[8] ECF # 13.

[9] Tr. at 21.

[10] *Id*. at 15.

[11] *Id*. at 16.

[12] *Id*.

The ALJ then concluded that as of January 30, 2009, D.M. had medically improved to where he was no longer under a disability.[13] To that end, the ALJ first specifically cited to evidence from D.M.'s treating physician, Robert Hull, M.D.[14] Dr. Hull's treatment notes from January 29, 2009, showed that D.M. reported that his medication helped him focus better and that he had done well on standardized testing at school.[15] In addition to this evidence from D.M.'s treating physician, the ALJ also noted that "[b]oth claimant and his mother acknowledged that the claimant's condition has improved significantly."[16] Specifically, the ALJ pointed to D.M.'s testimony and that of Gibson that D.M.'s condition, behavior, and grades had improved and that he only saw the doctor for "short-lived" conditions like tonsilitis, pharyngitis, and conjunctivitis – all unrelated to his behavioral disorder or learning impairment.[17]

Finally, the ALJ observed that the ME, upon his review of the same evidence cited above, opined that as of January 30, 2009, D.M.'s impairments no longer functionally

---

[13] *Id*.

[14] *Id*.

[15] *Id*. (citing Tr. at 2009).

[16] *Id*.

[17] *Id*. at 16-17 (citing transcript).

equaled the listings.[18] The ALJ gave the ME's opinion greater weight as supported by the evidence of record.[19]

**B.    Gibson's arguments for reversal**

In her merit brief, Gibson raises several arguments concerning the ALJ's decision. First, she argues that Dr. Hull never did any medical tests on D.M.[20] Next, she contends that D.M.'s condition has deteriorated after the ALJ's decision in 2009.[21] Finally, she asserts that D.M.'s doctors and school officials never received appropriate permissions from Gibson to deal with D.M.[22] In the end, Gibson maintains that D.M. "needs supplemental secutiy (sic) S.S.I. income" for "food[,]shelter [and] clothing."[23]

## Analysis

**A.    Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

---

[18] *Id*. at 17 (citing transcript).

[19] *Id*.

[20] ECF # 18 at 1.

[21] *Id*. at 1-2.

[22] *Id*. at 2.

[23] *Id*. at 3.

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[24]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[25] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[26]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     The decision of the ALJ has the support of substantial evidence.**

Based on the standard of review set out above, the decision of the ALJ to find D.M. no longer disabled after January 30, 2009, has the support of substantial evidence.  As was

---

[24] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[25] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[26] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

indicated in the above discussion of that evidence, D.M.'s treating physician, D.M., his mother, and the ME all agreed that he had improved by that date and that he then received additional medical treatment for only transitory conditions unrelated to his underlying impairments. Further, and just as important, the record before the ALJ contains nothing to the contrary.

**C.     The new evidence offered by Gibson is rejected.**

As noted, Gibson attempts to base part of her arguments on additional evidence developed after D.M.'s disability was deemed ended in 2009. But, judicial review of the Commissioner's decision is "confined to ... the record made in the administrative hearing process."[27] Evidence from after the decision can only be considered under a "sentence six" remand.[28]

Sentence six of 42 U.S.C. § 405(g) permits a court to order a case remanded for consideration of additional evidence under certain circumstances. The Sixth Circuit has interpreted this statute as creating three requirements for a remand to consider new evidence: (1) that the evidence be "new;" that is, not cumulative of evidence already in the record; (2) that the evidence be "material;" which requires a showing that the Commissioner would

---

[27] *Love v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 893, 900 (W.D. Mich. 2009) (citation omitted).

[28] *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).

have reached a different disposition of the claim if presented with the evidence; and (3) that "good cause" exists for not producing the evidence in a prior proceeding.[29]

Here, although, as the Commissioner states, Gibson has not directly requested a sentence six remand,[30] she is a *pro se* plaintiff and so unlikely to know the precise forms of pleading applicable to her arguments. But, even liberally construing her arguments regarding the new evidence as ones for a sentence six remand, they are not sufficient to establish the grounds for such action.

In Gibson's case, 2008 documentation regarding alleged discrimination and harassment against D.M. while attending school, and a 2008 summary of unresolved school disputes,[31] all predate the 2009 finding by the ALJ. Without any good reason given why this evidence was not presented to the ALJ in 2009, it does not provide a basis for a remand.

As to the materiality requirement, the new evidence does not establish that the Commissioner would have reached a different conclusion as to the end of D.M.'s disability if presented with this evidence. Neither D.M.'s 2010 Individual Education Program (IEP), his first semester 2011 grades,[32] his first semester 2011 attendance record,[33] nor his

---

[29] *Shull v. Astrue*, No. 09-CV-2931, 2011 WL 1357363, at *3 (N.D. Ohio April 11, 2011) (citations omitted).

[30] ECF # 17 at 7.

[31] ECF # 13.

[32] His grades are:  2 A's (both in marketing), 3 B's (drawing, earth system, and physical education), a C (English language arts), and a D (economics).

[33] Of only three days out for illness, the records show one day out with "stomach flu" and two days out after a call from his mother.

-7-

2010-2011 prescription records,[34] without more, provide grounds for the Commissioner to reach a different conclusion. Similarly, simple statements that D.M. is now being treated by "Summit Psychology" and Dr. Machado Grenville,[35] without treatment notes or reports, provide no evidence on which the Commissioner could decide differently as to the end date of D.M.'s disability.

Thus, for the reasons stated, the additional evidence submitted by Gibson is not considered here and provides no basis for a sentence six remand.

## Conclusion

For the reasons stated, no basis exists for a remand to consider additional evidence under sentence six. Further, the decision of the Commissioner has the support of substantial evidence and is, therefore, affirmed.

IT IS SO ORDERED.

Dated: March 23, 2012               s/ William H. Baughman, Jr.
                                    United States Magistrate Judge

---

[34] ECF # 16.

[35] *Id.*